# SUPERIOR COURT OF BALTIMORE CITY

Filed April 15, 1896.

### NOBLE H. CREAGER

### VS.

### ALCAEUS HOOPER, MAYOR.

RITCHIE, J.—

Before the argument began on this demurrer to the answer, I stated to counsel that I did not think it raised the question of the validity of the ordinance now in controversy, and that, therefore, I did not see how that question could be passed on by any ruling which might be made on the demurrer. I suggested that the demurrer be withdrawn and the case brought to trial in due course, so that all questions might be squarely raised, and decided.

Notwithstanding the earnest argument on behalf of the petitioner, I see no good reason for changing the opinion then expressed.

The petitioner claims to have been duly elected to the office of City Collector by a joint convention of the two Branches of the City Council, under an ordinance passed, as alleged, over the veto of the Mayor, by a vote in each Branch of three-fourths of the members present, which vote, however, was not equal in either Branch to three-fourths of the whole number of its members. The Mayor' refused to administer the oath of office, as requested, and the petitioner now asks for a mandamus to require him to do so. The answer has been filed and the petitioner demurs to it.

Without reviewing in detail the answer of respondent, it is sufficient for present purposes to say that it sets up the defense that, if the ordinance in

question was passed, as alleged, over his veto, the same is invalid, first, because *ultra vires;* secondly, because, if not *ultra vires,* it failed to receive the affirmative vote of three-fourths of all the members of each branch. If the alleged passage of the ordinance in the manner stated were admitted, I could pass on these defences. But as to the allegation that the ordinance *was* passed over the veto, and passed *by the vote* alleged, with the number present and the number absent, as stated in the petition, the respondent answers that he has no personal knowledge, and therefore neither admits nor denies the same.

The petitioner contends that notwithstanding this paragraph of the answer, the respondent, nevertheless, in other parts of his answer, does admit the alleged passage of this ordinance after the veto, or makes statements which imply an admission. I do not think so, but even if the language were to be so construed, the answer, certainly, nowhere admits as true the statement in regard to the vote it received, or as to the number of members present.

As the passage of the ordinance as alleged is not admitted, and there are no admissions in the answer which show the facts in regard to its alleged passage, the demurrer does not raise the question of its validity, and I express no opinion thereon. The remaining questions raised by the petitioner are of minor importance, and, as to them, I need only say that, while in some respects the answer might possibly have been more explicit, and more fully responsive, I do not think it is demurrable, and will therefore overrule the demurrer.

It has been decided that a respondent in mandamus proceedings, who in good faith avers that he has no personal knowledge of the matters alleged, may answer that he therefore cannot admit or deny them. People vs. Ryan, 17 Mich. 158.

But it is urged by the respondent that, not only should the demurrer be overruled, but that the petition should be dismissed, because when the petitioner, on March 16, 1896, offered himself ready to take the oath of office, his bond had not then been approved in the manner provided by statute, and, therefore, that he was not then in a position to ask that the oath of office

be administered, and the Mayor was right in his refusal. This defence is set up for the first time in argument.

The Code (Public General Laws), Art. 81, Sec. 32, provides that the bond of the Collector of city taxes in the City of Baltimore shall be "approved by the Mayor and Presidents of both branches of the City Council, or any two of them, *the Mayor being one."* Prior to the alleged passage of the ordinance now in question, the provision of the *City* Code was expressed in the same terms, Art. 50, Sec. 31; but this ordinance, purporting to repeal and re-enact Sec. 31, omits the words which *required* that the Mayor should be one of the approvers. Of course no change in the ordinance could affect the terms of the statute, and therefore the bond of the petitioner which had been approved only by the two Presidents, had not then been approved as required by law, because it still lacked the approval of the Mayor.

In respect to answers in mandamus proceedings, the Code provides that the defendant shall set forth in his answer "all the defences upon which he intends to rely." The defence that the bond had not been duly approved when the Mayor was requested to administer the oath is not set up in the answer, and the petitioner claims that the respondent cannot, therefore, now make it.

But, although not set up in the answer, the provision in regard to the approval of the bond being part of a public statute, of which the Court takes judicial notice, the failure to have, at the time of demand, a duly approved bond, would be good reason for refusing a mandamus, if the law requires that the bond shall be duly approved before the oath is administered.

The law which, as has been assumed in argument, provides for the oath, is Article 1, Sec. 31, of the City Code (Ordinances), viz: "Every corporation officer shall * * * *before entering on his duties as such officer,* take and subscribe the oath" set forth in Article 1, Section 6, of the Constitution.

Art. 81, Sec. 36, P. G. L., provides that "every collector" shall, "before he acts as such," take the oath therein prescribed; but it is not important now to inquire which is the oath to be taken by the City Collector, because there is no difference between the statute and

552

the ordinance in respect to the time when it is to be taken.

As to the bond, Art. 81, Sec. 32, P. G. L., provides that the collector of city taxes in Baltimore, *"before he acts as such,"* shall give bond," as therein required. The City Code, Art. 50, Sec. 31, and the ordinance now in question, provide in the same terms that the approved bond of the City Collector shall be given "before entering on the duties of his office."

It thus appears that while both the oath and duly approved bond are necessary to the qualification of the City Collector, the time at which the one is to be taken and the other given, is expressed in practically the same language. He must take the oath and give the bond before he is qualified to act, but there is no intimation whatever in the terms of the law, that one is to precede the other, or that his readiness to comply with either condition is hindered by the fact that he has not yet performed the other. The fact, therefore, that his bond had not been duly approved when the petitioner asked that the oath of office should be administered, furnishes, in my judgment, no ground for dismissing the petition.

It is probably true, as argued by respondent, that the petitioner has proceeded on the theory that his bond had been duly approved, because when he called upon the Mayor, on March 14th, having then on his bond the approval only of the President of the First Branch, he asked the Mayor both to approve his bond and administer the oath; whereas, on March 16th, having meanwhile procured on his bond the approval also of the President of the Second Branch, the only demand made was that the oath should be administered.

But the belief of the petitioner that his bond had been duly approved, could not impair any right he otherwise might have had to have the oath administered; nor would the fact that he had provided himself with a bond which he thought had been duly approved, be an admission that a duly approved bond was first necessary. Neither did the petitioner's course in consequence of such belief, affect the action of the Mayor, nor has it in any wise affected his status in this proceeding.

It is clear from the pleadings that the fact that the bond had not been duly approved, had nothing to do with the refusal of the Mayor on March 16th to administer the oath of office.

The demurrer to the answer will, as I have said, be overruled, with leave to the petitioner to plead to, or traverse the same.